**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **James Pavisch,** | ) | **CASE NO. 5:16 CV 1934** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Brian Cook, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| | ) | |
| **Respondent.** | ) | |

## **INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge James R. Knepp, II (Doc. 13), which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner has filed Objections to the Report and Recommendation. For the reasons that follow, the Report and Recommendation is ACCEPTED.

## **STANDARD OF REVIEW**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court reviews *de novo* those portions of a report of a magistrate judge to which a specific objection is made. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). The judge may

1

accept, reject, or modify any proposed finding or recommendation.

**DECISION**

Magistrate Judge Knepp concluded that Petitioner filed his petition well outside the one-year statute of limitations for filing habeas petitions set forth in 28 U.S.C. § 2244(d). He further concluded that Petitioner was not entitled to statutory or equitable tolling and that he did not meet the demanding standard for establishing a claim of actual innocence.

In his Objections, Petitioner does not dispute that he did not file his petition within the one-year statute of limitations. He argues, however, that the Magistrate Judge erroneously concluded that he is not entitled to equitable tolling. A petitioner seeking equitable tolling must show: "(1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way and prevented untimely filing." *Keeling v. Warden, Lebanon Correctional "Inst.*, 673 F.3d 452 (6th Cir. 2012). Petitioner first asserts that he is entitled to equitable tolling because his counsel was ineffective for "fail[ing] to provide any defense whatsoever [and] fail[ing] to research the medical history." (Doc. 19, at 1). The factual basis for this assertion has been available to Petitioner since 2011. Therefore, this assertion does nothing to meet Petitioner's burden of showing that he is entitled to equitable tolling.

Petitioner next argues that the Magistrate Judge erroneously concluded that Petitioner failed to show that his cognitive impairments from his 2006 stroke prevented him from timely filing the petition. Mental incapacity can warrant equitable tolling if a petitioner shows: (1) that he is mentally incompetent and (2) that his mental incompetence caused his failure to comply with the statute of limitations. *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). The Magistrate Judge concluded that Petitioner could not establish the first prong of this test because his own

2

*pro se* filings show that he is not mentally incompetent and he has not provided any evidence other than his own assertions as to his mental state. The Magistrate Judge concluded that Petitioner also failed the second prong test because he presented no evidence that his mental incapacity was the cause of his delayed filings. In his Objections, Petitioner simply repeats his assertion that he is cognitively impaired but does not identify any specific facts or evidence demonstrating either prong of the *Ata* test. For the reasons discussed in the Report and Recommendation, Petitioner is not entitled to equitable tolling on the basis of mental incapacity.

Finally, Petitioner claims that he is actually and factually innocent, but he provides no facts or evidence in his Objections in support of this assertion. The Magistrate Judge correctly concluded that Petitioner has not met the demanding standard for actual innocence.

This Court, having reviewed the Report and Recommendation, adopts it as its own. In accordance with that recommendation, the Court hereby denies the Petition for Writ of Habeas Corpus for the reasons stated by the Magistrate Judge in the Report and Recommendation, which is incorporated herein by reference. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 9/28/17